IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | EP-07-CR-1189-PRM |
| § | |
| JEFFREY ELDON DEAN, § | |
| Defendant. § | |

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS INDICTMENT

On this day, the Court considered Defendant Jeffrey Eldon Dean's "Motion and Brief to Dismiss Indictment," filed on September 27, 2007, and the Government's "Response to Defendant's Motion to Dismiss the Indictment," filed on October 2, 2007, in the above-captioned cause. After due consideration, the Court is of the opinion that Defendant's Motion should be denied for the reasons set forth below.

### I.   FACTUAL BACKGROUND

Defendant sets forth in his Motion that he was "originally arrested" on April 3, 2007, at the Bridge of Americas Port of Entry, in El Paso, Texas, as the "driver and sole occupant of a 1996 Infinity automobile." Def.'s Mot. 1. He admits that federal agents, assisted by a canine, found a quantity of narcotics during a "[p]re-primary roving operation." *Id.* He was taken into custody, where he complained of chest pains before being taken to a local hospital. *Id.* He was released from the hospital, but it was medically necessary for him to be on oxygen continuously. *Id.* at 1-2. Consequently, the El Paso County Detention Center refused to accept him into custody because of the medical requirement. *Id.* at 2. Hence, he was released "almost (11) eleven hours from his initial detention." *Id.* On May 23, 2007, a Grand Jury returned a two-count Indictment, charging Defendant with importation of a controlled substance and possession

of a controlled substance with intent to distribute. Thereafter, he was arrested on June 29, 2007, the same date on which he made his initial appearance. Gov't.'s Resp. 2.

## II.  ARGUMENTS

Defendant asserts that the matter should be dismissed because the period between his arrest and indictment is greater than the thirty day limit imposed by the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.* Def.'s Mot. 2. He asserts that he was arrested for purposes of the Speedy Trial Act on April 3, 2007. Because he was not indicted until May 23, 2007, more than 30 days from his alleged date of arrest, he asserts that the indictment violates 18 U.S.C. § 3161(b).[1] He argues that his arrest on April 3, 2007, is an arrest that triggers his speedy trial rights, pursuant to *Terry v. Ohio*, 392 U.S. 1 (1968).[2] Defendant apparently argues that any arrest triggers a defendant's speedy trial rights.

The Government does not dispute that Defendant was arrested on April 3, 2007, but argues that the arrest did not trigger his speedy trial rights. Gov't.'s Resp. 4. It asserts that when a defendant is "'promptly released from federal custody without the Government filing formal charges, there is no 'arrest' within the meaning of 3161(b).'" *Id.* (quoting *United States v.*

---

[1] "Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. 3161(b)

[2] In *Terry*, the Supreme Court evaluated whether a particular confrontation between a police officer and a defendant constituted an arrest. *Terry*, 392 U.S. at 4. Defendant also cites to *United States v. Marshall*, 446 U.S. 544 (1980), but the Court has not found any Supreme Court case by that name which bears any relation to pre-trial motions in criminal matters. The Court will assume that Defendant intended to cite to *United States v. Mendenhall*, 446 U.S. 544 (1980), in which the Supreme Court discussed whether a defendant consented to be searched in order to determine whether her Fourth Amendment rights were violated. However, any reliance on *Mendenhall* is misplaced because the issue in *Mendenhall* bears little or no relation to the issue in the instant case.

*Johnson*, 815 F.2d 309, 312 (5th Cir. 1987)). It also asserts that an arrest followed by an unconditional release does not trigger a defendant's speedy trial rights. Gov't.'s Resp. 4 (citing *United States v. Amuny*, 767 F.2d 1113, 1120 (5th Cir. 1985) ("[E]ven if federal officials arrest a defendant, 18 U.S.C. § 3161(b) does not apply if federal officials in good faith immediately and unconditionally release the defendant and prefer no federal criminal charges against him.")). The Government asserts that Defendant was released shortly after his arrest for medical reasons, that no criminal complaint was filed, that he was not brought before a magistrate judge, and that no formal charges were pending until the Indictment was issued. Gov't.'s Resp. 4. Therefore, the Government asserts that there is no violation of the Speedy Trial Act, and thus no reason to dismiss the indictment. *Id.*

### III. ANALYSIS

Defendant's April 3, 2007, arrest did not trigger his speedy trial rights. The Fifth Circuit has held that "[a] defendant's speedy trial rights attach only when he is 'formally charged with a crime or actually restrained in connection with that crime.'" *Cowart v. Hargett*, 16 F.3d 642, 645 (5th Cir. 1994) (quoting *Dickerson v. Guste*, 932 F.2d 1142, 1144 (5th Cir. 1991)). "Courts uniformly hold that an individual is not arrested under 3161(b) until he is taken into custody after a federal arrest for the purpose of responding to a federal charge." *Johnson*, 815 F.2d at 312. In *Johnson*, the defendant was initially detained by federal agents on November 27, 1984, and released to state custody the following day. *Id.* at 311. He was not indicted on federal charges until April 3, 1985. *Id.* The Fifth Circuit held that the defendant was not arrested for purposes of the Speedy Trial Act when he was first detained. *Id.* Rather, his speedy trial rights were

triggered upon his return to federal custody. *Id.* at 312.[3]

In this case, Defendant admits he was released eleven hours after his initial detention. He does not claim that he was released pursuant to any restrictions or that he had otherwise been formally charged prior to his release. The Court is aware of no basis upon which the facts in the instant case can be distinguished from those in *Johnson* with respect to how a defendant's speedy trial rights can be triggered. For this reason, the Court finds that the provisions of the Speedy Trial Act were not triggered until Defendant was re-arrested on June 29, 2007, which occurred after he was indicted by the Grand Jury. Therefore, the Court is of the opinion that there is no reason to dismiss the case on the basis of 18 U.S.C. § 3161(b), and that Defendant's Motion should be denied.

Accordingly, **IT IS ORDERED** that Defendant Jeffrey Eldon Dean's "Motion and Brief to dismiss Indictment" (Docket No. 25) is **DENIED**.

SIGNED this 20th day of **December, 2007**.

PHILIP R. MARTINEZ
UNITED STATES DISTRICT JUDGE

---

[3] The Fifth Circuit recently cited *Johnson* approvingly in holding that a defendant's speedy trial rights were not triggered when he was re-arrested a day after his escape from federal custody because the re-arrest was based on the original charge pending against the defendant, not his escape. *United States v. Gardner*, No. 06-10072, 2007 U.S. App. LEXIS 22787 at *4 (5th Cir. Sept. 26, 2007) ("[The Speedy Trial Act] does not require a formal charge of escape within 30 days of an arrest when a person is re-captured after having escaped from custody.").